**Docket Nos. 11-4499 & 11-4621**

======================================================================

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

**UNITED STATES OF AMERICA,**

Appellant/Cross-Appellee,

v.

**VINCENT J. FUMO,**

Appellee/Cross-Appellant.

_____

On Cross-Appeals from Judgment on resentencing in a criminal case
filed Nov. 10 and entered Nov. 28, 2011, in Crim. No. 06-CR-319-03
in the United States District Court
for the Eastern District of Pennsylvania (Buckwalter, J.)


=====================

# REPLY (FOURTH-STEP) BRIEF
# FOR APPELLEE/CROSS-APPELLANT VINCENT FUMO

=====================

```
                              PETER GOLDBERGER
                              PAMELA A. WILK
                              50 Rittenhouse Place
                              Ardmore, PA  19003-2276

                                (610) 649-8200

                              Attorneys for Appellee/
                              Cross-Appellant Fumo
```

TABLE OF CONTENTS

Table of Authorities ........................................ i

Argument in Reply on Cross-Appeal:

   1.  Because the government did not effectively appeal from the amount of restitution originally ordered, and because this Court expressly "affirmed" the original restitution order, the district court violated the mandate rule by revisiting and increasing the restitution aspect of Mr. Fumo's sentence ................. 2

   2.  The government concedes the need at least to remand the award of prejudgment interest, because the amount was patently miscalculated ................................ 8

Conclusion .................................................. 9

Certifications ............................................. 10

Certificate of Service

TABLE OF AUTHORITIES

**Cases:**

Apprendi v. New Jersey, 530 U.S. 466 (2000) .................. 1

Greenlaw v. United States, 554 U.S. 237 (2008) ............... 2

Khan v. Attorney General, 691 F.3d 488 (3d Cir. 2012) ........ 6

McBride v. Superintendent, SCI Houtzdale,
   687 F.3d 92 (3d Cir. 2012) ................................ 6

Pepper v. United States, 562 U.S. ---, 131 S.Ct. 1229 (2011) . 8

United States v. Fumo, 655 F.3d 288 (3d Cir. 2011) ........ 3, 4

United States v. Hoffecker, 530 F.3d 137 (3d Cir. 2008) ...... 6

United States v. Negroni, 638 F.3d 434 (3d Cir. 2011) ........ 6

United States v. Shavers, 693 F.3d 363 (3d Cir. 2012) ........ 6

**Constitution, Statutes and Rules:**

18 U.S.C. § 3664(h) .......................................... 1

ARGUMENT IN REPLY

    The government appealed a second time to this Court from the sentence imposed on former Pennsylvania State Senator Vincent Fumo, this time objecting to Judge Buckwalter's discretionary apportionment of part of the restitution under 18 U.S.C. § 3664(h). Mr. Fumo cross-appealed, raising different issues about the restitution. The government's appeal is now fully briefed, and Mr. Fumo is not entitled, in this fourth-step brief, to explain again all the reasons why the government is wrong on its principal appeal. This final brief constitutes Mr. Fumo's reply on his own cross-appeal only.

    Two of the issues raised by Mr. Fumo were presented solely for the purpose of preservation, in light of binding precedent. See Second-Step (Red) Brief, Points II.A. (prejudgment interest) and III (Apprendi error). Nevertheless, the government has chosen to respond. Be that as it may, having accepted that en banc precedent and the law of the case are binding at this stage, Mr. Fumo will not offer any reply on these issues at this time. On a third point raised in Mr. Fumo's brief, Point II.B. (addition of interest to amounts already paid), the government confesses error and concedes a limited remand. Accordingly, this final Reply addresses almost exclusively one point -- whether the district court violated this Court's mandate and exceeded the scope of the prior remand when it increased the restitution imposed on Mr. Fumo by some $1.1 million at the resentencing. There is a fundamental difference between the

parties on this question.  Mr. Fumo, unlike the government, approaches it as a matter of appellate law and procedure.  The government seems to view the problem as one of public policy or equity.[1]  For the following reasons, precedent and principle dictate that Mr. Fumo should prevail on his cross-appeal.

**1.  Because the government did not effectively appeal from the amount of restitution originally ordered, and because this Court expressly "affirmed" the original restitution order, the district court violated the mandate rule by revisiting and increasing the restitution aspect of Mr. Fumo's sentence**.

The second-step cross-appellant (Red) brief for Mr. Fumo raised the mandate issue as a single argument point -- arguing from the record of the prior appeal, in light of this Court's precedent, that the mandate did not authorize Judge Buckwalter to increase the amount of restitution at the resentencing.  Point I, at 13-26.  In its third-step (Yellow) brief, the government breaks Mr. Fumo's argument into two pieces and addresses them separately, thus creating a straw man "waiver" point that Mr. Fumo did not advance separately.  In this way, the government finds an excuse to make the argument essentially ad hominem.  Yellow Br. ("YB"), at 7-8 & n.1.  But the issue here is not about whether government counsel like the manner in which Mr. Fumo's attorneys argued the prior appeal.  The issue before the Court concerns the meaning of the prior panel's decision and in particular the scope of its mandate.

---

[1] The government's third-step Yellow Brief ignores Mr. Fumo's reliance on Greenlaw v. United States, 554 U.S. 237, 243 (2008), which establishes that the government's failure effectively to appeal a sentencing issue can make a component of the sentence final regardless of its consistency with applicable statutes.

-2-

The adequacy of the government's briefing of the restitution point in the first appeal is under discussion here only to explain the mandate in that appeal. It is not a separate issue for the panel assigned to the present appeal to decide <u>de novo</u>, as the government would apparently have it do (YB, at 5-18[2]). Whether the prosecutors did or did not sufficiently pursue an appeal of restitution after the original sentencing was a question presented for decision <u>in the prior appeal</u>. Mr. Fumo made it so, by challenging in his brief as appellee the government's passing-comments-and-footnotes manner of presentation of the restitution question in its opening brief in that appeal. The government responded there by reiterating its conclusory assertions,[3] still without presenting any argument.

The question was thus squarely presented to the prior panel whether the government was or was not entitled to a remand for recalculation of restitution if it won its appeal of the Guidelines loss issues. Mr. Fumo argued (in that prior appeal) that the point had been waived by the government's choice merely to assert its position rather than to argue it. What the panel then wrote was this: "We will therefore affirm the order of restitution, including prejudgment interest." <u>United States v.</u>

---

[2] The prosecutors also proceed to reargue the facts presented at trial in minute detail and at great length. YB, at 9-14. As that discussion has little or nothing to do with any question presented in this appeal, we will say no more on the subject.

[3] The government's current brief admits as much. <u>See</u> YB, at 6-7, quoting footnote 84 of prior appeal Third-Step Brief (which served as its reply brief).

-3-

Fumo, 655 F.3d 288, 322 (3d Cir. 2011).  There is no grammatical reading of this sentence that is consistent with the government's interpretation of that prior mandate.  No panel of appellate judges would express a decision to affirm the district court's prejudgment interest ruling, while vacating and remanding for redetermination the principal restitution amount, by stating that it "<u>affirm[s] the order</u> of restitution, <u>including</u>" the interest.[4]  This Court's use of the term "including" belies the government's reading.  Nor is this language overridden by the final conclusion of the opinion, stating, "For the foregoing reasons, we affirm Fumo's conviction, vacate the sentences of both Fumo and Arnao, and remand for further proceedings not inconsistent with this opinion." Fumo, 655 F.3d at 324.  It was "inconsistent with this opinion" to disregard the express "affirmance" of the restitution.

The government's own prayer for relief in the prior appeal had been quite different:  it sought a mandate that would "vacate the sentences imposed on [Fumo and Arnao], including the orders of restitution, and remand the case for resentencing." See YB, at 6.  But that is not how the mandate reads that this Court actually issued, in contrast with many other published decisions of this Court (cited in the Red Br., at 20-21 & n.11, but ignored in the Yellow Brief).  The government's theory in the present appeal is essentially that the prior panel did not

---

[4] The government quotes this language (YB, at 19) but does not venture to explain how its position is consistent with the prior panel's stated conclusion in this regard.

-4-

mean what it said on this issue. But if that was the case, the government had a remedy by way of motion for clarification of the mandate or rehearing of the first appeal. Having remained silent at that time, it did not earn a right to relitigate the matter now, to a different panel.

The Yellow Brief attempts to shift the burden to Mr. Fumo to establish now (or to have established at the resentencing) that the restitution calculation on the facts of this case should have been different from the Guidelines loss determination. Again, that approach attempts to change the subject from the one issue currently presented: did the prior panel conclude that the government had waived the point by failing to bear <u>its</u> burden, in the <u>first</u> appeal, to <u>explain</u> -- not merely to <u>assert</u> -- why as a matter of fact and/or law the restitution and Guidelines loss figures would be the same in this case, such that a reversal of the Guidelines determinations ought also to trigger a reversal of the restitution. Not having gone beyond conclusory assertions in its brief in the prior appeal, it cannot complain now that the panel deciding that appeal did not grant it the full relief it claimed to be, but never explained why it was, entitled to.

The requirement that an appellant, in order to win relief, must present argument rather than mere assertion has been the law of this Circuit for decades, and remains the law today. Mr. Fumo discusses several cases saying so in the Red Brief (at 17), but the government cites none of them and does not even acknowledge the point. Yet the principle is fundamental. This Court

relied on it three times in published opinions in August 2012 alone -- not one of which is cited in the Yellow Brief, filed in mid-September.[5]  See United States v. Shavers, 693 F.3d 363, 386 n.6 (3d Cir. 2012) ("[A]n issue is waived unless a party raises it in its opening brief, and for these purposes a passing reference to an issue will not suffice to bring that issue before this court." [quoting same 2004 case as Mr. Fumo's Red Brief, at 17]); Khan v. Attorney General, 691 F.3d 488, 495 n.4 (3d Cir. 2012) (same); McBride v. Superintendent, SCI Houtzdale, 687 F.3d 92, 95 n.5 (3d Cir. 2012) (same, but quoting a 1994 case).

Indeed, in McBride, this Court declared:

> ... McBride only references this colloquy in a footnote in his opening brief, and therefore has failed even to adequately raise the issue before us [of whether certain cross-examination at trial violated his Miranda rights]. *See United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008)* (noting a "one-sentence footnote falls far short of meeting the requirement that an appellant raise an issue in his opening brief or else waive the issue on appeal"); .... Accordingly, McBride has waived any claim related to this line of questioning, and we will not further address it.

Id.  The government quotes all five mentions of restitution that were contained in its opening brief in the first appeal.  YB 5-6.  None constitutes argument of any sort; each is a perfect

---

[5] The only case in this line cited by the government is United States v. Negroni, 638 F.3d 434, 444 n.9 (3d Cir. 2011), which is no refutation of the "passing reference" rule. Rather, as summarized in the Red Brief, the government, as appellant in Negroni, advanced a sentencing argument under the rubric of "substantive reasonableness," but the panel felt that it sounded more in "procedural error" and reversed on that basis. The issue there, as the panel saw it, was of labeling not of sufficiency of briefing.

example of what this Court calls "a passing reference" and some were reiterations of a "one-sentence footnote."

The government now argues as if there were some dispute as to whether it <u>sought</u> in the prior appeal a remand that would allow an increase in the restitution. But that is not in dispute at all; the question is whether the government, as appellant, raised the restitution issue in the prior appeal in a manner that this Court recognized as sufficiently presenting an issue for decision. What Mr. Fumo argued in that appeal, and what he points to in this present appeal as the apparent basis for the prior panel's affirmance of the restitution in the face of the government's request that it be vacated, is that the settled law of this Circuit requires a party to do more than "advise" this Court of what it seeks. <u>See</u> 1st Step Br., at 31. The party seeking relief on appeal has a burden to present legal argument in support of that result. If it was true, as the government now argues at length, that a <u>pro tanto</u> change in the restitution amount would follow, as a legal and logical matter, from any change in the Guidelines "loss" calculation, then it was incumbent on the government, in its opening brief in the prior appeal, to explain on legal grounds why that was so. Perhaps this would only have taken a short paragraph to articulate. But merely saying it is so -- whether in an unsupported sentence, a one-sentence footnote, a parenthetical, or a conclusion -- does not suffice, as this Court has repeatedly held.

For this reason, it is most plausible -- and most consistent with the wording of the thorough, carefully written,

-7-

precedential decision of this Court on Mr. Fumo's prior appeal -- to understand the panel as having found the government's restitution challenge to have been insufficiently argued, just as Mr. Fumo contended in that appeal, and thus waived. As a result, its mandate did not authorize the district court on remand to increase the base restitution amount. Instead, that order was "affirm[ed], including" the prejudgment interest.[6]

For these reasons, as advanced under Point I of the Second-Step Brief for Mr. Fumo as cross-appellant, the order of restitution must be vacated and remanded for reinstatement of the original principal amount.

## 2. The government concedes the need at least to remand the award of prejudgment interest, because the amount was patently miscalculated.

The government concedes that all counsel and the court below overlooked a significant error in the calculation of the increased post-judgment interest that was imposed at resentencing. YB, at 26. If the increase in the principal restitution amount is reversed, as sought under Point I of the Red Brief and Point 1 above, then this problem will be moot. It is likely moot if the erroneous decision to allow post-judgment interest is overturned. Otherwise, on remand the district court should be directed to make a recalculation of the interest that takes

---

[6] The government continues to discuss the "sentencing package doctrine" and the presumption of a full resentencing on remand, YB at 19-21, citing Pepper v. United States, 562 U.S. ---, 131 S.Ct. 1229 (2011), while ignoring the "law of the case" and "mandate rule" qualifications that the Supreme Court itself placed on its holding. See Red Br., at 21-22, 24-25, quoting 131 S.Ct. at 1250.

-8-

into account when each of Mr. Fumo's several large payments was made.

## CONCLUSION

For the reasons set forth in cross-appellant (and appellee) Vincent Fumo's opening (second-step) brief, the district court acted within its discretion in ordering Mr. Fumo to pay 50% ($783,264.00), of the total restitution obligation of $1,566,128 owed to Citizens Alliance, as part of a much larger, complex sentencing package that required his payment -- under the loss figures approved by this Court on appeal -- of total restitution of nearly $3.5 million to the Pennsylvania State Senate, Independence Seaport Museum, and Citizens Alliance. However, as discussed in the Red Brief and in this Reply, under the mandate rule, none of the base restitution figures should have been increased on resentencing; the order for restitution should therefore be vacated and remanded with directions to reinstate the original sums. If the ruling allowing pre-judgment interest is not overturned, then the amount of interest must be corrected on remand in accordance with the agreement of the parties.

Dated:  October 23, 2012

Respectfully submitted,

*s/Peter Goldberger*
By: PETER GOLDBERGER
    PAMELA A. WILK
    50 Rittenhouse Place
    Ardmore, PA  19003-2276

    (610) 649-8200
    fx: (610) 649-8362
    e:  peter.goldberger@verizon.net

    Counsel for Appellee-
    Cross-Appellant Vincent Fumo

REQUIRED CERTIFICATIONS

A. Type-Volume. This brief was prepared in a 12-point Courier, nonproportional typeface, with no more than 10.5 characters per inch. Pursuant to Fed.R.App.P. 28.1(e)(3), I certify, based on the word-counting function of my word processing system (XyWrite ver. 4.07), that this brief complies with the applicable type-volume limitation, in that the brief does not exceed 15 pages in length.

C. Electronic Filing. I certify pursuant to LAR 31.1(c) that the text of the electronically filed version of this brief is identical to the text in the paper copies of the brief as filed with the Clerk. The anti-virus program Avast! vers. 7.0 with current updates, has been run against the electronic (PDF) version of this brief before submitting it to this Court's CM/ECF system, and no virus was detected.

__/Peter Goldberger_____

CERTIFICATE OF SERVICE

On October 23, 2012, I served a copy of the foregoing document on counsel for the appellant/cross-appellee, the United States, via this Court's CM/ECF system, addressed to:

John J. Pease, Esq.
Robert A. Zauzmer, Esq.
Assistant U.S. Attorneys
615 Chestnut Street, suite 1250
Philadelphia, PA 19106

____s/Peter Goldberger_____